# Exhibit A

**Subject:**      RE: Triller

**Date:**          Wednesday, March 22, 2023 at 4:31:53 PM Eastern Daylight Time

**From:**          Chris Vlahos

**To:**            Andrew Guerra

**CC:**            Jeff Gould

**Attachments:** image001.png

Andrew, I understood my assistant was sending out the discovery responses and document production, which I discovered had not happened at 4 am ct, and I immediately sent it to you.

2 pm tomorrow works. I will address your remaining points in the interim.

Thanks,

Chris

---

**From:** Andrew Guerra <Andrew@oandzlaw.com>
**Sent:** Wednesday, March 22, 2023 3:28 PM
**To:** Chris Vlahos <cvlahos@rlfllp.com>
**Cc:** Jeff Gould <Jeff@oandzlaw.com>
**Subject:** Re: Triller

Chris,

We have received your production of today, March 22, 2023, and write regarding several deficiencies in violation of the Court's March 9, 2023 Order. ECF 34 (the "Order").

The Order required Triller to "produce all non-privileged, non-work product documents responsive to plaintiff's first request for production by March 21, 2023". ECF 35. Triller's production was not made until March 22 in violation of the Order. As you know, Triller's failure to meet Court-ordered deadlines has been a consistent and recurring problem in the case. And notwithstanding your assurance to the Court on March 9 that you "will ensure compliance with all deadlines imposed by the Court in this matter going forward" (ECF 34), Triller failed to comply with the very next deadline without prior notice or any apparent justification.

Triller's production also appears to be woefully deficient. Below is a list of materials and the associated RFP that Triller indicated that it would produce, but which we have been unable to locate in your production:

- Weekly and Monthly Reports (RFP 1 and 5).
- Documents evidencing Triller's tracking the use of Plaintiffs' works (RFP 6).
- Documents showing all of Plaintiffs' sound recordings that were available on the Triller app from August 8, 2022 to the present and the number of times Plaintiffs' sound recordings were streamed or otherwise utilized during the same period of time (RFP 7).
- Documents sufficient to show Triller's Acceptable Use Policy, Terms of Service, Premium Content Policy, or any other policy applicable to Users (RFP 10).
- Documents and communications regarding Triller's policies and practices for monitoring, reviewing, inspecting, removing, or disabling access to any Sound Recording or video on the Triller App. (RFP 11).
- Internal summaries, reports, or data analyses regrading activity on the Triller App (RFP 13)
- Public marketing materials utilized by Triller that reference the use of popular music on the Triller App,

and marketing and investor materials that reference the use of popular music (RFP 14, 19).
- Financial, investment, and valuation documents (RFP 16, 17, 18, 20, 21, 24).

To the extent that you maintain any of the above were included in your March 22 production, please indicate the associated Bates numbers.

As for the deficiencies, please let us know whether and when you will supplement Triller's production. Discovery is set to close April 10 and we have noticed depositions for the coming weeks. The deficiencies in Triller's production materially prejudices Sony Music's ability to develop its case within the time permitted by the Court's schedule.

The Court required Triller to provide a log of any documents that Triller withheld on the basis of privilege or work product by the same date, which you have not provided. Please let us know today whether and when a privilege log is forthcoming, or whether you contend that no documents were withheld on privilege or work product grounds.

In light of the above deficiencies, Sony Music reserves all rights, including with respect to Triller's violations of the Order, and the timing and scheduling of forthcoming depositions and other discovery.

We are available to confer at 2 CT tomorrow on these issues and the issues you describe in your email. Please confirm that time works and I can circulate an invitation.

Regards,



Andrew L. Guerra
**Oppenheim + Zebrak, LLP**
461 Fifth Avenue, Floor 19
New York, NY 10017
212.951.0122 (direct)
andrew@oandzlaw.com | www.oandzlaw.com

_____

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege. If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

---

**From:** Chris Vlahos <cvlahos@rlfllp.com>
**Date:** Wednesday, March 22, 2023 at 4:17 PM
**To:** Andrew Guerra <Andrew@oandzlaw.com>
**Cc:** Jeff Gould <Jeff@oandzlaw.com>
**Subject:** Triller

Please let me know if you are available tomorrow or Friday to discuss settlement, written discovery and deposition discovery issues. I am generally available after 2 pm ct tomorrow and all day on Friday.

Thanks,

Chris

Chris Vlahos
**Ritholz Levy Fields LLP**
131 S. 11th Street
Nashville, TN 37206
Tel: 615.250.3939
cvlahos@rlfllp.com

