

Jeffrey M. Gould
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.851.4526
jeff@oandzlaw.com

**DELIVERED VIA ECF**

April 26, 2023

Honorable P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

*Application Granted. So Ordered.*
*[signature] USDJ*
*4-27-23*

**Re: *Sony Music Entertainment, et al. v. Triller, Inc.*, 1:22-cv-7380 (PKC): Consent Letter Motion to Seal**

Your Honor:

Plaintiffs Sony Music Entertainment, et al. ("Sony Music") respectfully submit this Consent Letter Motion to Seal ("Motion"). For the reasons set forth below, Sony Music seeks leave to maintain the unredacted Stipulation Regarding Triller's Liability on Sony Music's Breach of Contract Claim ("the Stipulation"), filed at Dkt. 44, under seal. The next conference before the Court is currently scheduled for June 30, 2023 at 11:30 A.M. Dkt. 42. Counsel for Sony Music and Triller, Inc. ("Triller") met and conferred regarding the Motion, and Triller consents to the relief requested herein.

**I. Background**

Sony Music is one of the largest and most well-respected recording companies in the world. In the past decade, technological advances have led to digital methods to dominate the way the public consumes recorded music. April 26, 2023 Declaration of Jeff Walker ("Walker Decl.") ¶ 3. As a result, Sony Music, like other recorded music companies, large and small, have engaged with digital service providers ("DSPs"), large and small, to license their valuable sound

recordings to DSPs in exchange for payment. Walker Decl. ¶ 4. DSPs can include places to stream sound recordings like Spotify, or places to engage with sound recordings via social media, like TikTok. *Id.* Defendant Triller, Inc. ("Triller") is one such DSP with whom Sony Music Entertainment entered into a content distribution agreement, effective September 2016 (inclusive of all subsequent amendments, the "Agreement"). Walker Decl. ¶ 5.

As Sony Music has previously explained, Sony Music's breach of contract claims arise out of Triller's failure to make payment starting in March 2022 under the Agreement. As the parties have reached a stipulation on these claims, Sony Music now seeks entry of partial final judgment on its breach of contract claims to narrow the issues remaining in dispute in this matter, as explained in Sony Music's consent motion for partial final judgment under Rule 54(b). Sony Music hereby seeks an order permitting redaction of very limited portions of the parties' Stipulation. Specifically, Sony Music seeks to maintain under seal the specific payment amounts due to Sony Music under the Agreement each month, and the interest rate applicable to late payments.

## II. Argument

The common law and the First Amendment include a right to public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Yet this right to access is not absolute. Courts have recognized a variety of countervailing higher values which justify sealing under certain circumstances, including business secrecy, *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts…"), "the danger

of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (internal quotations and citations omitted). Courts considering seal requests consider: (1) whether the document sought to be sealed qualifies as a judicial document, (2) if so, the weight of the presumption of public access attaching to that document, and (3) how to weigh the presumption of public access against the countervailing interests or values asserted by the party seeking sealing of the information. *Id.* at 119–20. Judicial documents are those that contain material "relevant to the performance of the judicial function and useful in the judicial process." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (quotation omitted).

While the Stipulation is arguably a judicial document, Sony Music's privacy interests and the competitive disadvantage that it would suffer if the redacted information become public strongly justify the continued sealing of the Stipulation. The Agreement is confidential between the parties by its own terms. Walker Decl. ¶ 6. Sony Music also keeps confidential the terms of similar agreements with other DSPs. *Id.* The reason for these confidentiality provisions is clear. Neither Sony Music nor the DSPs want the terms of their agreements to influence the other agreements that each side must make with the many other players in the digital music economy. *Id.* There can be no doubt that public disclosure of the specific incremental amounts that Triller agreed to pay to Sony Music under the Agreement would give Sony Music's other DSP counterparties a strategic advantage in contractual negotiations, including giving insight into Sony Music's negotiation strategies. *Id.*

Courts regularly seal confidential business information where disclosure would cause competitive harm to the company, as here. *See, e.g., Standard Inv. Charter, Inc. v. Fin. Indus. Regulatory Auth.*, 2009 WL 2778447, at **2 (2d Cir. 2009) (regulatory organization's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access" where "an outsider with knowledge of the final terms … could … use that information to deduce [regulatory organization's] negotiation tactics."); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (granting motion to seal where "competitors who do not now have this information could use it to do competitive injury to the defendants.").

Nor is this an instance where litigants seek to seal stale confidential information. The amendment to the Agreement detailing the monthly payments and interest terms was signed in December 2021. Walker Decl. ¶ 5. Because of this, the specific payments redacted in the Stipulation give contemporaneous and real competitive insight into how Sony Music structures its agreements with DSPs in the present day.

Finally, the redactions in the Stipulation are narrowly tailored so as not to unduly prevent public access to judicial documents. Only the specific payments and the interest rate on late payments is redacted in the public Stipulation. The public Stipulation includes the final judgment amount to be entered, allowing the public to understand the total magnitude of the dispute between the parties.

Case 1:22-cv-07380-PKC   Document 47   Filed 04/28/23   Page 5 of 5

## III. Conclusion

For the reasons given above, Sony Music respectfully requests an order permitting the unredacted Stipulation, filed at Dkt. 44, remain under seal.

Respectfully submitted,

*/s/ Jeffrey M. Gould*

Jeffrey M. Gould
Matthew J. Oppenheim
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave. NW, 5th Floor
Washington, DC 20016
Tel.: (202) 621-9027
matt@oandzlaw.com
jeff@oandzlaw.com

Andrew L. Guerra
OPPENHEIM + ZEBRAK, LLP
461 5th Avenue, Floor 19
New York, NY 10017
Tel: (212) 951-0122
andrew@oandzlaw.com

*Attorneys for Plaintiffs*